IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,556-01






EX PARTE GERARDO PEREZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. D-1-DC-09-904099 IN THE 403RD DISTRICT COURT


FROM TRAVIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to six years' imprisonment. The Third Court of Appeals dismissed his appeal.
Perez v. State, No. 03-10-00435-CR (Tex. App.-Austin Nov. 19, 2010, no pet.). 

 Applicant contends that his trial counsel rendered ineffective assistance because, among other
things, he advised Applicant that evidence of a theft would be admissible at a trial and that such
evidence would, as he writes, "tear us to pieces, shut us completely down, and is going to kill us."
The trial court made findings of fact and conclusions of law and recommended that we deny relief.
We believe, however, that the record is not adequate to resolve Applicant's claim.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Hill v. Lockhart, 474 U.S. 52 (1985). In these circumstances, additional facts
are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the
trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to state
what he told Applicant regarding the theft and how its admission would affect a trial. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact as to what trial counsel told Applicant 
regarding the theft and how its admission would affect a trial. The trial court shall also determine
whether Applicant would have insisted on a trial but for counsel's advice on the admissibility of the
theft and its effect at a trial. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: February 1, 2012

Do not publish